ARGUED AND DETERMINED

# IN THE SUPREME COURT

OF THE

## TERRITORY OF WYOMING.

### MARCH TERM, 1882.

---

WOODS *v.* THE HILLIARD FLUME AND LUMBER COMPANY.

BILL OF EXCEPTIONS.—The plaintiff in error must present his bill of exceptions to the court for allowance, not to a judge out of court, and on a day not beyond the first day of the next succeeding term.

ERROR to the District Court of Uinta County.

The facts are stated in the opinion.

*H. Garbanati*, for plaintiff in error.

*W. W. Corlett*, for defendant in error.

SENER, C. J.   This case comes here on a writ of error from the district court of Uinta county. The facts as they appear in the record are these: Mosher, the assignee of Woods, moved the court below to amerce the sheriff, Pepper, in a judgment for $408.25, for neglecting and refusing to pay over money on an execution together with twenty per cent. thereon as damages and the costs.

The case on the motion was tried by the court on the 16th of July, 1879, and judgment rendered in favor of the plaintiff for $69.70; waiving the twenty per cent. as the

order expresses it. The plaintiff was dissatisfied with this order, and moved for a new trial, or as he expresses it, for a rehearing of the motion. This the court refused on the 18th of July, 1879; the plaintiff excepted and leave was given him until the first day of the next term to file his bill of exceptions.

The case was heard by this court at its 1881 term on the defendant's motion to dismiss the proceedings in error, which the plaintiff in error resisted. The defendant in error assigned eight grounds for dismissal, but as one of them will dispose of the motion we do not care to refer to any others.

That assignment is in these words, " because there is no valid bill of exceptions in the record herein allowed and signed as required by law, showing any exceptions taken by the plaintiff in error in the court below."

The permission given the plaintiff in error was to file his bill of exceptions by the first day of the next term of the court, as shown by the record. This was exactly the permission that might have been granted, and the full extent of it, under sections 300 and 303 of the Compiled Laws of Wyoming, chap. 13, page 71. Then it will be seen that the bill of exceptions must be presented to the court for allowance, not to a judge out of court, and to a day not beyond the first day of the next term of the court. The first day of the next term of the district court for Uinta county, for January term, 1880, was as fixed by law, of which this court takes judicial cognizance, on the 5th of January, A. D. 1880: but the record does not pretend that the alleged bill of exceptions in this case was ever presented on the first day of said term, or any day of said term, or that it was ever presented in said county of Uinta.

The certificate of the Hon. J. B. Blair, as shown in the record, is, that it was presented to me as judge, not to the court, on the 30th day of March; where it does not appear, and for all the record shows it does not even appear that it was presented in Wyoming Territory, nor does the judge

certify it to be a true bill of exceptions. These facts being indisputable on the face of the record, the defendant's motion to dismiss the writ of error herein we hold to be well taken, and it is accordingly ordered that it be dismissed, and that all further proceedings in this court be discontinued and be at an end; and that this fact be certified by the clerk of this court to the district court of Uinta county, with directions to the clerk of that court that the judgment which said court rendered at its July term, 1879, has become final by the action of this court herein.

Ordered accordingly.